## JOHN BURRILL v. THE CHENANGO MUTUAL INSURANCE CO.

Where a policy of insurance is on two different descriptions of property, each of which is insured in a distinct amount, a condition which renders the insurance void as to one description of property, does not affect the right of the holder to recover for the loss of the property not within the condition, and insured in a separate amount.

The condition annexed to the policy, that the insured shall truly state the situation of the building in reference to other buildings within a certain distance, relates only to an insurance on the building, and not to an insurance on the goods contained in it.

ASSUMPSIT on a policy of insurance tried at the New York Circuit in May, 1844.

The plaintiff, as one of a joint stock company who owned the National Opera House in New York, made an insurance with the defendants of $900 on his interest in the building, and $500 on his furniture, liquors and fruit. The whole being destroyed by fire, it was objected to the plaintiff's recovery, that he had not fully complied with one of the conditions annexed to the policy, but had only stated in his application the situation of the building in reference to two adjoining buildings, and not in reference to other buildings within ten rods, as required by that condition.

It was proved on the trial that there were other buildings within ten rods, and for that cause the circuit judge nonsuited the plaintiff, who excepted, and now, on a case, a motion was made to set aside the nonsuit.

*Sherwood*, for plaintiff.

*H. R. Mygatt*, for defendants.

*The Circuit Judge:* The learned judge who tried this cause, overlooked the fact that there was an insurance on goods as well as on the buildings.

It is unnecessary to inquire whether the applications and the conditions were a part of the policy or not, because even if they were, they would not, according to the case of *French* v. *Chenango Mutual Ins. Co.* (7 Hill, 122), prevent the recovery for the loss of the goods. In that case, on a similar policy, the court held that if the policy was void as to the buildings, it might still be valid as to the personal property.

The condition refers exclusively to applications for insurance on buildings.

In this case the attention of the judge does not appear to have been called to the fact that this policy was upon personal property as well as upon a building. Had it been, I apprehend that he would not have nonsuited the plaintiff for the breach of a condition which can have no possible reference to any thing but an insurance on the building. As to that, if

the objection was fatal, the plaintiff was, notwithstanding, entitled to recover the value of the personal property insured. The nonsuit must be set aside and a new trial ordered.