HENRY S. NOYES et al., Respondents, *v.* THE HARTFORD FIRE INSURANCE COMPANY, Appellant.

Argued June 12, 1873; decided September term, 1873.)

THIS was an action upon a policy of fire insurance, by which defendant insured plaintiffs $1,400 "upon their frame cotton-gin house," $600 "on press and gin," and $3,000 "on cotton in seed, in bales and cotton lint," all contained in the gin-house. It was expressed in the policy that the insurance on the gin-house was intended to cover plaintiffs' interest on account of repairs.

The policy contained this clause: "if the assured is not the sole and unconditional owner of the property insured, or if said property be a building or buildings of the land on which said building or buildings stand, by a sole and unconditional ownership and title, and is not so expressed in the written portion of the policy," then the same should be void. The original paper was issued December 28, 1866, for twenty days it was renewed January 17, 1867, for twenty days more.

Plaintiffs were partners in the cotton-growing business. On the 15th January, 1866, they made an agreement with one Flournoy to operate his plantation in Arkansas for one year. Plaintiffs were to furnish supplies and stock to the amount of $10,000; the implements and stock on the plantation were to remain and be used, and whatever more was required plaintiffs were to furnish. Flournoy was to supervise and attend to the work on the plantation, and was to make all permanent improvements. The crop of cotton was to be delivered to plaintiffs at the river bank to be transported to market and sold. The proceeds were to be used, 1st. To reimburse plaintiffs for all advances, and the balance of the net proceeds to be divided equally between their firm and Flournoy. At the expiration of one year the stock and implements were also to be equally divided. In pursuance of this agreement, plaintiffs repaired the gin-house and put in a new gin and press and mule power. The cotton was picked and a portion sent to market. On the 18th January, 1867, while a portion was in the gin-house, a fire occurred consuming it and its contents. Plaintiffs recovered below for loss on cotton, $2,812.50; on account of the mule power, under the head of repairs to the gin-house, $425; and for gin and press, $600. *Held*, that by the terms of the agreement plaintiffs were not necessarily the sole and unconditional owners of the cotton, but that they were either partners or tenants in common with Flournoy in carrying on the plantation. But it appearing that plaintiffs had expended more than the whole crop of cotton was worth, and as therefore they were entitled, under the contract,

to the entire proceeds, and Flournoy had no interest therein, within the spirit and meaning of the policy, they were the sole and unconditional owners and entitled to recover the loss. But that as to the gin and press, they were a portion of the stock in which Flournoy had, under the agreement, an equal interest with their firm; that the policy was to be treated as written on the day of its renewal, and the year having then expired, Flournoy was then tenant in common with them; that they were, therefore, not the sole owners, and were not entitled to recover; that the mule power was not part of the gin-house, and could in no way be classed as repairs thereto, and was not covered by the policy, but if it was, it was simply as a portion of the stock and did not belong solely to plaintiffs, and they could not recover therefor

W. F. Cogswell for the appellant.

Francis Kernan for the respondents.

EARL, C., reads for reversal and new trial, unless plaintiffs within twenty days after filing remittitur in court below elect to remit from the judgment $1,025, and interest thereon from March 26, 1867, in which case judgment for the balance affirmed.

All concur.

Ordered accordingly.