No. 224.

## ALLEN, WEST & BUSH *v.* THE SUN MUTUAL INSURANCE Co.

1. Where an insurance policy against fire contained the stipulation: "Wherever the insured does not enjoy the full ownership of the property insured, he is required to disclose to the Company the nature of his insurable interest, and to cause the same to be inserted in the policy, otherwise the policy shall be null and void;" held, a failure to comply with such condition, releases the insurer.

2. Though stipulations in policies favorable to the insurer are to be strictly construed, yet Courts cannot, in order to uphold the policy, disregard its formal declarations, or go beyond the written law, by attaching to terms employed, significations at variance with positive legal definitions.

3. The expression "full ownership," as above, signifies, under the laws of this State, full and entire title, to the exclusion of all adverse interest.

4. Therefore, where the interest involved is merely a right of pledge and retention, for advances and supplies, there is not "full ownership" in the insured, and the risk is affected by the clause cited.

*Appeal from the Civil District Court, Division D. Righter, J.*

*A. Goldthwaite* and *B. K. Miller* for plaintiffs and appellants.

*Leovy & Kruttschnitt* for defendant and appellee.

ROGERS, J.—Plaintiff brings suit to recover the sum of $700, based on a policy of insurance issued to them for account of S. & T. L. Morrow, on cotton ginned and unginned, loose and in bales, contained in a two story frame, shingled, gin-house, situated on the Woodburn Plantation, Parish of Tensas, in this State. The defence is that the cotton, as described in the policy, which was destroyed by fire, was not the property of the Morrows; that under a clause which provides that, "whenever the insured does not enjoy the full ownership of the property insured, he is required to disclose to the Company the nature of his insurable interest and to cause the same to be inserted in the policy, otherwise the policy shall be null and void," the Company is released.

The testimony shows that about twelve or fifteen bales were destroyed, five of these were the property of the Morrows, the others belonged to their tenants or customers, who had sent the cotton to the gin to be ginned and baled; that the Morrows had on said cotton, lien and privilege for the payment of certain advances. It is contended that this condition entitles them to

the amount of the policy, as they had *full* ownership, in full and absolute interest, and with entire dominion over the cotton. It is not disputed that plaintiffs have shown an insurable interest in the ten bales belonging to their tenants, the question is, has that interest been made the subject of the contract of insurance? To answer this in the affirmative, it becomes necessary to determine whether such condition, constitutes ownership of the property insured.

The Civil Code, in declaring the general principles of ownership, speaks of perfect and imperfect ownership as the two divisions of ownership; the term *full* ownership does not appear anywhere in the text, nor is it material to determine that the terms "full ownership" and "perfect ownership" are synonymous in law, though so recognized in the uses of the English language. Roget's Thesauras, pp. 52-729-31 (marginal); Worcester, verbo, "Full," "Perfect."

The insured represented, at the time of the contract, that they were the owners of the property, under the warranty expressed in clause XIX. In Louisiana, this meant that the property insured and described in the policy belonged to them, to the exclusion of all other persons, C. C. Art. 488; acquired by one of the modes pointed out by the Code; and the use of the term "full ownership," must be taken as explaining that simple, perfect and absolute dominion over the cotton, understood by our law and by the Roman law. 8 La. An. 172, State vs. McDonough.

This was sufficient to exclude all idea of subordinate rights. Possession and ownership of a thing are entirely distinct. C. C. Art. 496.

There may be a modified ownership, that is, when the *owner* consents to the possession or dominion in another, in the case of a pledge, for example, but the qualities exist still. Oliver vs. Lake, 3 La. An. 83; Allen, Nugent & Co. vs. Buisson, 35 La. An· 108.

That the condition of *ownership* of the property insured was meant, can be well inferred from another clause of the instrument, viz., Condition III:

"Property held in trust, or on commission, must be insured as such." It cannot be said that the risk would ever have been written, if plaintiffs had declared that the cotton insured belonged to other parties and was in their possession by virtue of a claim or privilege for advances. Such facts undoubtedly constitute an insurable interest, and a contract made in accordance therewith undoubtedly valid. But while it is true that the conditions and warranties, in policies of insurance, being stipulations in favor of the companies, should be strictly construed, courts will not be justified in going beyond the written law to fix a liability, upon the proof of conditions that are at variance with its most formal declaration, as to the results flowing from the use of terms to which it has given a most positive definition. We are asked to follow the opinions expressed in Noyes vs. Hartford Insurance Co., 54 N. Y., 668 and Hough vs. The City Fire Insurance Co., 29 Conn., p. 20, but we do not deem it proper to go beyond our law.

It has been said by the Supreme Court, affirmed in numerous decisions, the titles and the modifications of the rights of property, under our laws, are few and easily understood; they answer all the purposes of reasonable use; and it is the duty of courts to maintain them in their simplicity. The gravest consequences, the most dangerous confusion, and the disturbance of public order must follow any attempt to introduce, within our limits, with all their train of intricate and, except to the initiated, unintelligible modes and distinctions, the titles to property supported by the complicated and involved jurisprudence of the Common Law States. 3 La. An. 212; 4 La. An. 71-79-377; 7 La. An. 46-395-498; 8 La. An. 171; 7 R. 481.

The only cotton insured, *owned* by plaintiffs, was the five bales, and for the value thereof, the Judge *a quo* gave judgment, rejecting, in our opinion, very properly. the claim for the additional ten bales upon which, at best, plaintiffs had but a lien and privilege, but of which they were in no sense the *owners*.

Judgment affirmed.