AMERICAN ARTISTIC GOLD STAMPING CO. *v.* GLENS FALLS INS. CO.

(*Common Pleas of New York City and County, General Term.* November 7, 1892.)

1. INSURANCE—UNCONDITIONAL OWNERSHIP—CHATTEL MORTGAGE.

The provision in a policy that its validity shall depend on the "unconditional and sole" ownership of the property by the insured refers only to the quality of the insured's title, and the policy is not vitiated by the existence of a chattel mortgage on the property insured.

2. SAME—EFFECT OF BREACH—DISTRIBUTED RISKS.

A policy which was issued for one entire premium, and in which the risk was distributed by limiting it to $500 on a stock of goods and $500 on fixtures, provided that the "entire policy shall be void if the subject of insurance be personal property, and be or become incumbered by a chattel mortgage." *Held*, that the policy was invalidated as to the fixtures by the existence of a chattel mortgage on them, but remained in effect with respect to the stock of goods. *Merrill* v. *Insurance Co.*, 73 N. Y. 453, followed.

3. SAME—APPLICATION—CONCEALMENT.

The failure of the insured to disclose the existence of a chattel mortgage on the fixtures did not amount to concealment where there was no evidence that the application for insurance required liens or incumbrances to be stated, and that the insurer desired information, and inquired of the insured concerning such matters before the issuance of the policy.

Exceptions from trial term.

Action by the American Artistic Gold Stamping Company against the Glens Falls Insurance Company on a policy of insurance. Verdict for plaintiff, subject to opinion of general term, directed by the trial court. Defendant excepts, and plaintiff moves for judgment. Exceptions overruled, and motion granted.

Argued before DALY, C. J., and BISCHOFF, J.

*Thomas Brennan,* for plaintiff. *Thomas M. Wyatt,* (*August Kohn,* of counsel,) for defendant.

BISCHOFF, J. This action was brought to recover upon a policy of insurance against loss by fire in a sum not exceeding $1,000, issued by defendant to the plaintiff, and affected certain stock and fixtures at 47 Vesey street, in the city of New York, of which it is admitted plaintiff was the owner. The policy was issued for one entire premium, and the risk was distributed by limiting it to $500 on the stock and a like amount on the fixtures. It was therein provided that "this entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or cir-

cumstance concerning this insurance, or the subject thereof, or if the interest of the insured in the property be not truly stated therein, or in case of any fraud or false swearing by the insured touching any matter relating to this insurance, or the subject thereof, whether before or after a loss." Also that "this entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * * if the interest of the insured be other than an unconditional and sole ownership, or if the subject of insurance be personal property, and be or become incumbered by a chattel mortgage;" and that the policy was to be regarded as made and accepted subject to those conditions. At the time of issuing the policy the fixtures were incumbered by a chattel mortgage, of which fact defendant had not been previously informed, nor did defendant make inquiry to ascertain if there was any. Thereafter the stock and fixtures were damaged by fire. Proofs of loss were submitted to defendant, and it is mutually conceded by the parties that the proportion of the loss which the policy under review bears to the total amount of insurance is $312.58 on the stock, and $152.78 on the fixtures. Defendant refused payment of both sums, on the ground that the policy was avoided by the chattel mortgage, and in answer to the complaint interposed as affirmative defenses that plaintiff was not at the time of issuing the policy the "unconditional and sole" owner of the property insured because of the outstanding chattel mortgage on the fixtures, and that pursuant to the terms of the policy it was to be totally void if the "subject of insurance" was thus incumbered. The learned trial judge dismissed the complaint as to the loss on fixtures, and directed a verdict for the plaintiff for the amount of the loss on stock, subject to the opinion of the general term, to which direction, as well as the refusal of the judge to dismiss the complaint as to both items, due exception was taken by defendant's counsel. Plaintiff now moves for judgment on the verdict.

The motion should be granted. The provision of the policy, to the effect that its validity shall be dependent upon plaintiff's "unconditional and sole" ownership of the property insured, had reference only to the quality of plaintiff's title, not to liens and incumbrances on the property, and the policy was therefore not rendered void because of the chattel mortgage. *Conover* v. *Insurance Co.*, 1 N. Y. 290; *Savage* v. *Insurance Co.*, 52 N. Y. 502; *Noyes* v. *Insurance Co.*, 54 N. Y. 668; *Pelton* v. *Insurance Co.*, 77 N. Y. 605; *Carson* v. *Insurance Co.*, 43 N. J. Law, 300; *Insurance Co.* v. *Walsh*, 54 Ill. 164; *Insurance Co.* v. *Spankneble*, 52 Ill. 53; *Insurance Co.* v. *Kelly*, 32 Md. 421; *Hubbard* v. *Insurance Co.*, 33 Iowa, 325; *Kronk* v. *Insurance Co.*, 91 Pa. St. 300; *Strong* v. *Insurance Co.*, 1 Alb. Law J. 162; *Green* v. *Insurance Co.*, 17 Hun, 467.

The policy, however, was invalidated as to the fixtures by the mortgage under the provision that it should be void if the subject of insurance be incumbered by a chattel mortgage, but remained effective with reference to the stock. Having made the property distinct subjects of insurance by separately valuing it, by distributing the insurer's risk among the several subjects of insurance, and limiting its risks as to each, the parties to the contract will be deemed to have intended as many distinct insurances as there may be subjects of insurance; and the avoidance of the policy by breach of its condition as to one of the subjects of insurance will not have the effect of avoiding it as to the others, in the absence of language clearly indicating that such was the intention of the parties. *Trench* v. *Insurance Co.*, 7 Hill, 122; *Burrill* v. *Insurance Co.*, 1 Edm. Sel. Cas. 233; *Noyes* v. *Insurance Co.*, 54 N. Y. 668; *Merrill* v. *Insurance Co.*, 73 N. Y. 453; *Schuster* v. *Insurance Co.*, 102 N. Y. 260, 6 N. E. Rep. 406; *Pratt* v. *Insurance Co.*, 130 N. Y. 207, 29 N. E. Rep. 117; *Smith* v. *Insurance Co.*, 47 Hun, 30; *Woodward* v. *Insurance Co.*, 32 Hun, 365; *McGowan* v. *Insurance Co.*, 54 Vt. 211; *Insurance Co.* v. *Walsh*, 54 Ill. 164. It is true, as counsel for defendant observes, that the

cases hitherto decided by the courts of this state, so far as they have been reported, were those wherein the policy applied to both real and personal property, and so differ from the one under review, in which the policy affected personal property only, but we fail to see, because of this difference, any ground for departure from the reported decisions. These were not put upon the ground that all of the property insured was not of the same species, and the principles underlying the decisions, and elaborately stated in *Merrill* v. *Insurance Co.*, *supra*, are no less applicable to a policy insuring distinct subjects of insurance, all being personal property, than to one insuring real and personal property; and the distinction here sought to be made was not recognized in *Insurance Co.* v. *Walsh*, 54 Ill. 164, where the subjects of insurance consisted of distinct parcels of real property, and the policy was held valid as to one and avoided as to the other. We are requested, also, to observe that the policy before us reads that "this entire policy shall be void," etc., while in the reported cases the word "entire" was absent; but we fail to appreciate any additional force from the language here employed. Under the ruling of *Merrill* v. *Insurance Co.*, it can have no other effect than to invalidate the policy only as to the subject of insurance in respect to which the condition of insurance was broken or remained unperformed.

As a last objection to the granting of plaintiff's motion for judgment, defendant's counsel urges that the policy is invalidated because plaintiff concealed or misrepresented the existence of the chattel mortgage when it applied for and received the policy. This was not among the defenses interposed by the answer, but, assuming that it was, there was no evidence to support it on the trial. The case fails to disclose that there was ever at any time before the policy was issued even the remotest discussion or correspondence concerning liens or incumbrances on the property insured, or part thereof, and where there is no representation there can be no "misrepresentation."

It remains to inquire what evidence there is of "concealment." Concealment is the willful witholding of some facts material to the risk which the insurer had a right to know and which the insured was under a duty to disclose. 5 Lawson, Rights, Rem. & Pr. p. 3520, § 2060. But plaintiff and its officers and agents cannot be said to have willfully withheld any material fact from defendant's knowledge unless they knew, or had reason to know, that the information was required by it. There is nothing before us from which we may ascertain that the application for insurance required that the liens or incumbrances be stated, or that inquiry was at any time before the policy was issued made of plaintiff, its officers or agents, respecting these matters, and in the absence of every intimation that such was desired plaintiff was under no duty to disclose the particulars of its interest in the property insured. *Cross* v. *Insurance Co.*, 132 N. Y. 133, 30 N. E. Rep. 390; *Tyler* v. *Insurance Co.*, 12 Wend. 507; *Turner* v. *Burrows*, 5 Wend. 541; *Burritt* v. *Insurance Co.*, 5 Hill, 188. It cannot, therefore, be successfully said that there was "concealment." Defendant's exceptions should be overruled, and plaintiff's motion for judgment on the verdict granted, with costs.