THE ALAMO FIRE INSURANCE COMPANY V.
MOLLIE L. LANCASTER.

No. 376.

1. **New Trial—Absence of Leading Counsel.**—A motion for a new trial should not be granted on the ground that the defeated party is of opinion that another and different attorney than the one who tried his case could have better presented his defense.

2. **Bill of Exceptions—Continuance.**—Unless a bill of exceptions is taken on the overruling of an application for continuance, the action of the lower court will not be reviewed.

3. **Ownership of Property Insured.**—R. A. Lancaster, whose house was insured, originally bought the lot upon which the house stood from Jones, and he sold it to Lamar for $500 cash and two notes for $1250, due respectively in 1892 and 1893. These notes were not paid, but Lamar sold the lots to Reynolds, and the latter sold to Agnes Deerwood, and Agnes Deerwood sold the land again to R. A. Lancaster. Mary Reynolds and Agnes Deerwood, as part of the consideration for their deeds, each assumed the payment of the notes given by Lou Lamar to R. A. Lancaster, which notes were by Lancaster placed with a firm he owed, as collateral security for a debt. In the policy is a condition, that it shall be void "if the interest of the insured be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple." *Held*, that the clause in the policy has reference to the quality of the title and not to liens and incumbrances on the property, and that the policy was not forfeited.

4. **Burden of Proof—Charge.**—It was alleged by appellant that the house was burned through the agency of the owner, and it was not error to instruct the jury that the burden of establishing this allegation was on appellant.

APPEAL from Bee. Tried below before Hon. S. F. GRIMES.

*McLeary & Stayton,* for appellant.

*Beasley & Flournoy,* for appellee.

FLY, ASSOCIATE JUSTICE.—Appellee, as the duly qualified survivor of her husband, R. A. Lancaster, instituted this suit to recover the sum of $1800 insurance money alleged to be due by reason of the destruction by fire of a certain two-story dwelling in the town of Beeville, and the furniture therein contained. Appellant set up conditions in the policy which it alleged had been infracted, among the number being, that the ground on which the house stood was not owned by R. A. Lancaster; that he had employed an incendiary to burn the house; that it had been insured as a dwelling house, but was a house used for immoral purposes, and that the house was not used as a dwelling. The case was submitted to a jury, and resulted in a verdict for appellee for the amount for which suit was filed.

We find the following facts:

1. That appellant insured appellee against loss by fire, in the sum of $1500, on a certain dwelling house in Beeville, and in the sum of $300 on the furniture therein contained.

2. That afterwards the house was consumed by fire, and there was a total loss of it and the furniture.

3. That the fire occurred without any fault upon the part of the insured, R. A. Lancaster.

4. That the house and furniture and the lot on which the house stood were owned by R. A. Lancaster.

5. That all conditions of the policy were complied with by R. A. Lancaster, but appellant failed and refused to pay the amount of the policy.

There is nothing in the record to indicate that the court below did not in all things conform with the rules of practice governing the District Court, except the recitals in the motion for a new trial. In the application for a continuance there was no objection made to the case being taken up when it was, and there was no request to postpone the case on account of the absence of leading counsel, or of the general manager. In the affidavit made by the general manager, and attached to the motion for a new trial, there is no sufficient reason given for his absence at time of the trial, and his understanding that the criminal docket was being tried can not relieve him of his failure to be present at the trial. He testified anyway, whether by deposition or in person is not disclosed. Appellant was represented on the trial of the case, and there is nothing to indicate that its cause suffered at the hands of the attorneys who conducted the defense. We are not willing to establish the rule, that a motion for new trial should be granted because the defeated party is of the opinion that another and different attorney than the one who tried the case could have better presented his defenses. No diligence whatever was shown to get the testimony of the general manager before the court, and it is not claimed that it was newly discovered. There was no bill of exceptions taken to the action of the court in overruling the application for a continuance, and in its absence the ruling of the District Court will not be reviewed by this court. The fact that the action of the court was duly excepted to, and the same was entered of record, does not supply the necessary bill of exceptions. Philipowski v. Spence, 63 Texas, 604; Waites v. Osborne, 66 Texas, 648; Railway v. Mallon, 65 Texas, 115; Townsend v. The State, 41 Texas, 134.

There was no bill of exceptions taken to the action of the court in admitting the proof of loss in evidence, and the sixth assignment has no basis upon which to rest. The assignment is as follows: "The court erred in admitting illegal evidence on the part of the plaintiff on the trial of this cause, as set forth in bill of exceptions number 2."

Reference to bill of exceptions number 2 shows that no objection was made to the introduction of the testimony, but exception was taken to the language of the counsel for appellee in commenting on the testimony, and to the action of the court in refusing to restrict the scope of the testimony.

Bill of exceptions number 1, upon which assignment of error number 7 must stand, does not set forth the objections urged to the testimony, and, under authority of the decisions of the Supreme Court, is not in a position to be considered by the court.    Bonart v. Waag, 61 Texas, 33; Willis v. Donac, 61 Texas, 588.

The bill of exceptions, if proper in other respects, does not sufficiently set out the testimony to show its relevancy, materiality, or admissibility.    The fact that the house was formerly used for immoral purposes is too vague and indefinite, for the use of the house before the execution of the policy could not invalidate any provision on this subject.    The use of the house at the time or after the execution of the policy would be the legitimate subject of inquiry, but not any use to which it "formerly" might have been put.

The eighth assignment of error is as follows:    "The court erred in its general charge to the jury in not properly setting forth the defenses relied upon by defendant, and the isues tendered in its pleadings required by law."    This assignment is defective in not pointing out any error in the charge, and is too general for consideration. However, we are of the opinion that every issue in anywise supported by testimony was given in charge to the jury, and if there was an omission to submit any issue made by pleadings and proof, appellant should have asked special charges submitting the same.    There are no propositions or statements presenting the errors specified in assignments of error 16 and 17, unless it was intended that the proposition as to the failure to present all the issues should be deemed to be appropriate to these assignments.    The charges were properly refused.

It appears from the proof in this case that R. A. Lancaster, whose house and furniture was insured, originally bought the lot on which the house stood from A. C. Jones, and sold it to one Lou Lamar for $500 cash and two notes for $1250, due respectively in 1892 and 1893. These notes were not paid, but Lou Lamar sold the lot to Mary Reynolds, the latter sold to Agnes Deerwood, and Agnes Deerwood sold the land again to R. A. Lancaster.    Mary Reynolds and Agnes Deerwood, as a part consideration for their deeds, each assumed the payment of the notes given by Lou Lamar to R. A. Lancaster.    The notes given by Lou Lamar to Lancaster were placed by him with a firm that he owed, as collateral security for the debt.    In the policy of insurance is a condition, that the policy shall be void "if the interest of the insured be other than unconditional and sole ownership, or if the

subject of insurance be a building on ground not owned by the insured in fee simple." It is contended by the appellant that the facts in this case show, that by reason of the notes executed to Lancaster by Lou Lamar having been given out as collateral security for Lancaster's debt, there was a lien on the land, and the policy of insurance was forfeited because Lancaster did not have unconditional and sole ownership of the land. This position is not well taken. It has been held in a number of States that the clause above copied from the policy has reference only to the quality of the title, and not to liens and incumbrances on the property. Stamping Co. v. Ins. Co., 20 N. Y. Supp., 646; Conover v. Ins. Co., 1 N. Y., 290; Savage v. Ins. Co., 52 N. Y., 502; Noyes v. Ins. Co., 54 N. Y., 668; Pelton v. Ins. Co., 77 N. Y., 605; Tyler v. Ins. Co., 12 Wend., 507; Locke v. Ins. Co., 13 Mass., 61; Hoose v. Ins. Co., 47 N. W. Rep., 587 (84 Mich., 309); May on Ins., sec. 285. It follows, that the court did not err in refusing to give the first special charge asked by appellant. The words "dwelling house" do not import title of any kind. May on Ins., sec. 284. There is nothing in the opinion in the case of Insurance Company v. Dyches, 56 Texas, 573, that sustains the position of appellant.

It was alleged by appellant that the house was burned through the agency of the owner, and it was not error to instruct the jury that the burden of establishing this allegation was on appellant. Dwyer v. Ins. Co., 57 Texas, 181. There was no evidence tending to show that R. A. Lancaster burned the house, witnesses introduced by appellant showing that he was very careful and solicitous for fear some enemy of his would burn the house; and we are of the opinion that the unrestricted use of the proof of loss could not and did not influence the verdict of the jury. None of the assignments are well taken. The testimony is sufficient to sustain the verdict, and the latter is sufficient upon which to base the judgment. The verdict is as follows: "We the jury find for the plaintiff the amount alleged in the petition, and interest thereon." It was sufficient. James v. Wilson, 7 Texas, 230; Newcomb v. Walton, 41 Texas, 318; Traylor v. Townsend, 61 Texas, 144.

The judgment is affirmed.

*Affirmed.*

Delivered June 13, 1894.

Writ of error refused by Supreme Court.