(3 App. Div. 65.)

COLEMAN v. PHOENIX INS. CO. OF HARTFORD, CONN.

(Supreme Court, Appellate Division, Fourth Department. March, 1896.)

INSURANCE—OPEN POLICY ON PERSONALTY—CONDITIONS AGAINST INCUMBRANCE.
 An "open" policy of fire insurance on products while contained in a factory and in the process of manufacture provided that, if the subject of insurance was personal property, the incumbrance thereof by chattel mortgage without consent of the insurer indorsed on the policy should avoid the entire policy. *Held*, that the incumbrance by chattel mortgage of a part of the products in process of manufacture without consent of the insurer withdrew that portion from the subject of insurance, and left the policy valid as to the rest.

Action by Thomas H. Coleman against the Phœnix Insurance Company of Hartford, Conn., on a fire insurance policy. There was a verdict for plaintiff, and defendant's motion for a new trial upon exceptions ordered to be heard at general term in the first instance. Afterwards the cause was transferred to the appellate division of the supreme court by the operation of Const. 1895, art. 6. Denied.

December 6, 1893, the defendant issued to plaintiff a policy of insurance in the standard form, whereby, in consideration of the premium of $9.50, it insured the plaintiff from December 6, 1893, to February 6, 1894, against all direct loss or damage by fire to an amount not exceeding $2,500 on grain, malt, or grain in process of malting, while contained in the two-story and basement brick and frame malting establishment occupied as a malt house and for storage purposes at No. 25 Water street, Penn Yan, N. Y. The policy contained, among others, this condition: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * * if the subject of insurance be personal property, and be or become incumbered by a chattel mortgage." December 23, 1893, the plaintiff, being indebted to three of his employés in the sum of $160, executed and delivered to them a chattel mortgage on 300 bushels six-rowed malt then on kiln in plaintiff's malt house, as security for said amount. The malt therein described was upon the kiln, separate from the other malt. There was no indorsement on the policy consenting to the incumbering of the property insured, or any part thereof, by chattel mortgage. The policy contained this further condition: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * * if any change, other than by the death of the insured, take place in the interest, title, or possession of the subject of insurance, whether by legal process or a judgment, or by a voluntary act of the insured or otherwise." At the time the policy was issued, plaintiff was the owner of a large amount of barley, which was then in the building described in the policy, in process of malting. During the months of November and December, 1893, plaintiff sold of such barley to one Amsdell 889 bushels of six-rowed malt and 600 bushels of two-rowed malt,

and to one Hoffner 808 bushels of six-rowed malt and 700 bushels of two-rowed malt, which malt was shipped out of the malt house and delivered during those months. There was no indorsement on the policy consenting to these sales or change of title or possession of this property. The malt house, and all the grain and malt therein contained, was destroyed by fire January 2, 1894. At that time the plaintiff had in the malt house 2,870 bushels six-rowed barley of the value of 85 cents a bushel, and 1,005 bushels two-rowed barley of the value of 75 cents a bushel. Plaintiff duly gave notice of the fire, and furnished proofs of loss, as required by policy. At the expiration of 60 days after delivery of proofs of loss, the defendant having failed to pay, this action was brought. Action was tried at circuit before a jury. At the close of the evidence defendant moved for a nonsuit upon the ground that the property insured by this policy, or a portion thereof, became incumbered by chattel mortgage intermediate the time it was delivered or took effect and the time of the fire, without the consent of the company being indorsed thereon, and that thereby the policy became null and void. Motion was denied. Defendant excepted. The cause was submitted to the jury, and it rendered a verdict in favor of plaintiff for $2,667.80.

Argued before HARDIN, P. J., and FOLLETT, GREEN, and WARD, JJ.

William N. Cogswell, for appellant.

Charles J. Bissell, for respondent.

GREEN, J. There is but a single question presented on this appeal, and that is whether, within the terms of the policy, the execution and delivery by the plaintiff of the chattel mortgage vitiated and rendered void the entire policy. It is conceded that this is what is designated as an "open" or "floating" policy. It did not, by its terms, cover any specific property, but only such property as at the time of a fire should answer the description and provision of the policy. The intent and purpose of the contract was that during its life the assured might deal with his property as he saw fit. It appears that plaintiff sold a large quantity of this barley in the period intervening the time of the issuance of this policy and the fire. The defendant knew this, yet it makes no objection to the payment of the loss by reason of that fact, notwithstanding the contract contained this provision with respect to such disposition of the property:

"This entire policy, unless otherwise provided by agreement indorsed herein or added hereto, shall be void if any change other than by the death of the insured take place in the interest, title, or possession of the subject of insurance, whether by legal process or a judgment or by a voluntary act of the insured or otherwise."

There was no agreement indorsed or added to this policy consenting that the assured might dispose of any of that property. If this policy, therefore, is to be construed by the same rules as policies upon specifically described property in being at the time the policy is issued, then the sale and delivery of a large quantity of this malt, which was in the malt house at the time the policy was executed, vitiated this policy, for by the voluntary act of the assured there was a change in the interest and title of the assured in the subject of insurance. Such a contention is not made, and, if made, would not prevail, for it would be opposed to the settled rule of construction of policies of this nature. The intent of the parties to this contract was that the business should proceed, and not be suspended;

that property might be purchased and sold or disposed of by the assured in such manner as he might deem necessary or desirable; and that the company should, in case of loss, be liable only for such property as should answer the description and provisions of the policy. The "subject of insurance" is determined by what is destroyed, and which answers the description and conditions of the policy. Hooper v. Insurance Co., 17 N. Y. 424; Wolfe v. Insurance Co., 39 N. Y. 49. Guided by this rule, let us inquire what, under the terms of this policy, was the "subject of insurance" at the time of the loss. It was not that malt which had been sold by plaintiff, for by his own act he released the insurers from any liability or risk under the policy on account of any damage to such property, and had removed it from the provisions of the contract. If, just previous to the fire, he had sold all of this malt and barley, the company would not have been liable under this contract, for there would then have been no property answering the description and provisions of the policy. The property covered by the chattel mortgage was not the "subject of insurance" at the time of the fire, for plaintiff had by his own voluntary act removed that property also from the provisions of the policy. If that property had alone been destroyed by fire, after the execution of the chattel mortgage by plaintiff, he could have no more compelled the company to pay for the loss on that malt than for that which he sold previous to the fire. If this chattel mortgage had covered the entire property destroyed, defendant would not have been liable, as there would have been, at the time of the fire, no property answering the description and conditions of the policy, and this condition would have been brought about by plaintiff's own act. The terms of the policy are such as obviously secured to plaintiff the free use of the property in the malt house, and a right to deal with all or a portion of it as he saw fit, during the life of this contract. When, however, he exercised that right and dealt with the property by sale or mortgage, from that moment the property sold or mortgaged ceased to be covered by this policy of insurance, for from that moment it failed to answer the description and conditions of the policy, and ceased to be the "subject of insurance." The defendant was not prejudiced by plaintiff's executing this chattel mortgage upon the 300 bushels of malt. It was not liable for any loss that might occur to the property so mortgaged. The subject of insurance was unchanged by this act of plaintiff; the risk was the same. It in no way affected the claim under the policy in the event of a fire, for the reason that the company would be liable only for loss to the "subject of insurance," to be determined at the time of a loss by what is destroyed, and which answers the description and conditions of the policy. It has contracted to insure such property, and it should be willing to fulfill its contract. The plaintiff has demanded only that, and his demand, being reasonable, and in accordance with the settled principles of law, should be granted and enforced.

The motion for new trial should be denied, and judgment ordered for plaintiff upon the verdict, with costs of the action and of this motion. All concur.