AMPERSAND HOTEL CO. v. HOME INS. CO. et al. (Supreme Court, Trial Term, Franklin County. January, 1909.) Action by the Ampersand Hotel Company against the Home Insurance Company and another. Judgment for plaintiff. Reversed on appeal. See 115 N. Y. Supp. 480. William B. Ellison and Arnold L. Davis, for plaintiff. Hartwell Cabell, for defendant Home Ins. Co.

McLAUGHLIN, J. This action is brought to recover on a policy of fire insurance issued by the defendant Home Insurance Company to the plaintiff, and was tried by the court; a jury having been waived. It is conceded that the property insured was destroyed by fire within the life of the policy, and that proofs of loss were duly served upon, and have been retained by, the insurance company. The complaint alleges that by the terms of the policy the loss was payable to the defendant Mutual Life Insurance Company of New York, mortgagee, as its interest might appear, and that it refused to join with the plaintiff in bringing the action, and for that reason it was made a party defendant. The indorsement on the policy was "Loss, if any, payable to the Mutual Life Insurance Company of New York, mortgagee of the insured property." The first question presented is whether the plaintiff can in any event, maintain this action. It has been held that under a similar clause a mortgagee

could maintain an action upon a policy and collect the entire loss without joining as plaintiff the mortgagor (Cone v. Niagara Fire Ins. Co., 60 N. Y. 619), and it would seem to follow, if nothing else appeared, that where the loss is made payable to the mortgagee the mortgagor could not, without the consent and co-operation of the mortgagee, in case of loss, maintain an action to recover the same. I do not think this rule is applicable to the present case, inasmuch as it here appears, not only from the evidence adduced at the trial, but also from the defendant's answer, that the Home Insurance Company had an agreement with the mortgagee whereby the loss was to be paid to it "as its interest may appear," and that pursuant thereto the mortgagee had been paid and the Home Company had become subrogated to its rights. The policy was issued at the request of the plaintiff, and the premium paid to the insurance company by it. The primary purpose of the insurance was to protect the interest of the insured and incidentally to secure to the mortgagee, in case the mortgaged property was destroyed, payment of its loan in so far as its security was diminished. This not only appears from the acts of the parties with reference to the insurance, but also from the agreement, which should be read in connection with the policy itself. If this be the correct construction to be put upon the policy, then whatever loss there was, over and above what might be necessary to make good the mortgagee's security, belongs to the plaintiff. The total insurance was largely in excess of the mortgagee's lien. Therefore, when the insurance company refused, upon request, to bring the action, the plaintiff had a right to do so, making the mortgagee a defendant. Lewis v. Guardian Fire & Life Assur. Co., 181 N. Y. 392, 74 N. E. 224, 106 Am.. St. Rep. 557. To hold otherwise would enable the insurance company to escape liability, except in so far as the mortgagee had an interest.

But it is contended that, even if it be assumed the plaintiff can maintain the action, a recovery cannot be had for a portion of the loss because of the existence of certain chattel mortgages upon a part of the property at the time the fire occurred. As to these mortgages a brief statement of the facts seems to be necessary. The plaintiff was incorporated in 1896, and immediately thereafter acquired the greater part of the property which is the subject of the insurance. It at once authorized the issuance of a mortgage upon its real property to the Mutual Life Insurance Company to secure the bonds of its predecessor, and a second mortgage upon its real and personal property to the Guaranty Trust Company of New York to secure an issue of second mortgage bonds. Accordingly, on the 27th of April, 1896, a mortgage upon its real property was executed to the Mutual Life Insurance Company, and on the 14th of July following a chattel mortgage was also given upon certain personal property, which was, on the same day, filed in the proper town clerk's office. This mortgage was refiled in 1902, or another mortgage covering the same property given to take its place. and then filed. The mortgage to the Guaranty Trust Company

was given, which covered both real and personal property. It was executed and recorded simultaneously with the real estate mortgage to the Mutual Life Insurance Company. The total insurance covered by the policy in suit is $2,499.38, of which $1,499.38 was upon buildings and $1,000 upon personal property therein. It is strenuously contended that a recovery cannot be had for the item of $1,000 by reason of the presence of the chattel mortgages referred to. This contention is based upon the following provision in the policy: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * * if the subject of insurance be personal property and be or become incumbered by a chattel mortgage." It is not claimed by the plaintiff that this provision of the policy was strictly complied with, and it could not well be, because the chattel mortgages existed, and no specific reference was made to either of them in the policy; and if this were all there was to it I do not see how a recovery could be had for the item covering personal property. But this is not all. As to the mortgage to the Mutual Life Insurance Company, the fact is not disputed that the agent of the Home Insurance Company, at the time he issued the policy, knew of its existence, and that it covered "chattels as well as realty." This, supplemented by the indorsement on the policy of "Loss, if any, payable to the Mutual Life Insurance Company of New York, mortgagee of the insured property," estops the insurance company which issued the policy from claiming a forfeiture upon this ground. The company not only had actual notice of the existence of the mortgage, but from the indorsement on the policy it had constructive notice at least of the fact that the mortgage covered all the property mentioned in the policy. As to the Guaranty Trust Company mortgage a more serious question is presented. This mortgage, as already stated, was executed simultaneously with the mortgage on the real estate to the Mutual Life Insurance Company. It was filed on or about the day it was executed in the proper town clerk's office, and at the trial it was stipulated that it was still in full force and effect; but, notwithstanding that fact, I am of the opinion it does not prevent a recovery. It did not legally cover personal property acquired after its execution. The most that can be claimed is that it covered the personal property destroyed by fire which was in the building at the time the mortgage was made and filed. The total amount of insurance upon the personal property was $23,225, of which this defendant's portion was $1,000. The total value of the personal property destroyed by the fire was upwards of $60,000, of which more than $25,000 was purchased by the plaintiff subsequently to the execution of this mortgage. If, therefore, it be held that the mortgage was a valid and subsisting lien on the property which it covered at the time the fire occurred, plaintiff sustained, on the personal property not covered by it, a loss largely in excess of the total amount of insurance thereon. The trend of judicial decisions is to the effect that a policy of fire insurance should not be declared void

unless the facts clearly warrant it (Commonwealth v. Hide & Leather Bank, 112 Mass. 136, 17 Am. Rep. 72), and therefore, if it be assumed that there was property destroyed by the fire which was incumbered by a mortgage as well as that which was free from such incumbrance, then I am of the opinion that it must be held the policy only attached to that which was unincumbered (Pratt v. Dwelling House M. F. Ins. Co., 130 N. Y. 206, 29 N. E. 117; Merrill v. Agricultural Ins. Co., 73 N. Y. 452, 29 Am. Rep. 184; Coleman v. Phœnix Ins. Co., 3 App. Div. 65, 38 N. Y. Supp. 986.)

This leads to the consideration of the remaining defense, which is that a recovery is prevented by reason of the fraudulent acts of the plaintiff in concealing from the insurance company certain material facts and by making false statements with reference to the parties interested in the property destroyed. The defense in this respect is based upon the alleged concealment in the proofs of loss by the insured of the existence of the chattel mortgages referred to, and also upon a false and fraudulent statement in the proofs of loss that the property destroyed belonged to the plaintiff, and "no other person or party had an interest therein, except the Mutual Life Insurance Company of New York, mortgagee." The "proofs of loss" stated that no one besides the plaintiff had an interest in the property, other than the Mutual Life Insurance Company. Under the legal meaning of the word "interest," the Mutual Life had none. All that it had was an incumbrance, and this is also true of the Guaranty Trust Company. American Artistic Gold Stamping Co. v. Glens Falls Ins. Co., 1 Misc. Rep. 114; 20 N. Y. Supp. 646; Cross v. National Fire Ins. Co., 132 N. Y. 133, 30 N. E. 390. A reference to the policy shows that the word "interest" is used in an entirely different sense from that of incumbrance. The statement that no other person had an "interest" in the property was, therefore, true, and no reference in this part of the proofs of loss should have been made to either of the mortgages. It is true the proofs of loss should have shown the existence of the mortgage to the Mutual Life Insurance Company, as well as the one to the Guaranty Trust Company, as "incumbrances"; but I do not think, because of this omission, the policy was thereby rendered void. The insurance company, at the time it issued its policy, had actual knowledge of the existence of the mortgage to the Mutual Life Insurance Company, and Eaton, the representative of the plaintiff, prior to the service of the proofs of loss, made known to the adjusters representing the different companies the existence of not only that mortgage, but the one to the Guaranty Trust Company. The evidence would not justify a finding to the effect that the omission to state in the proofs of loss the existence of the incumbrances upon the property was a fraudulent act or willful concealment on the part of the plaintiff. Not only this. but it seems to me any defect in the proofs of loss in this respect was waived by the retention of the same by the defendant without objection. Some time prior to the service of the proofs of loss the defendant issuing the policy actually knew of the existence of both of the chattel mortgages, and when the proofs of loss were served it would have been a very easy matter, attended with little expense or trouble, to have called the plaintiff's attention to the defect in them. By not doing so, and retaining them without objection, it thereby waived such defects, and is now estopped from asserting a forfeiture of the policy on this ground. Good faith and fair dealing cannot sanction such practice.

My conclusion, therefore, is that plaintiff is entitled to recover, but, since the loss was made payable to the Mutual Life Insurance Company of New York as mortgagee, that it can recover only the surplus after the mortgagee has been paid. Notwithstanding the fact that the property remaining may be of value greater than the balance due on the mortgage, nevertheless the clause in the policy had the effect of making all the insurance payable to the mortgagee to the exent of its interest, and until such interest has been satisfied by payment in full the plaintiff is not entitled to anything. Hastings v. Westchester Fire Ins. Co., 73 N. Y. 141. The amount of the policy is $2,499.38, and the defendant is entitled to offset against this sum its share of the amount paid to the mortgagee, $884.52, leaving a balance of $1,614.86, for which, with interest from the time stated in the complaint, the plaintiff is entitled to judgment against the Home Insurance Company. Judgment accordingly.