## CONOVER *vs.* THE MUTUAL INSURANCE COMPANY OF ALBANY.

A bill of exceptions will not lie to review the exercise of the discretion of a Circuit Judge on the trial of a cause, in disregarding a variance between the declaration and the proof.

Where a policy of insurance prohibited an assignment of the interest of the assured, "unless by the consent of the company manifested in writing," and the Secretary, on an application to him at the office of the company, endorsed upon the policy and subscribed a consent, it seems that his authority to do so, in the absence of evidence to the contrary, should be presumed.

But if it were necessary to prove his authority, a formal resolution of the Board of Directors need not be shewn. Evidence that the Secretary, he being the sole agent of the company in transacting business at their office, has been in the uniform habit of giving such consent in writing and made regular entries of his acts in the books of the company, without any objection or repudiation on the part of the company, is enough at least to carry the question of authority to the jury.

A mortgage given by the insured upon the property covered by the policy, is not an *alienation by sale or otherwise* within the meaning of the seventh section of the charter. (*Laws of* 1836, *p*, 315 *and* 44.)

And notwithstanding such mortgage, and an assignment of the policy to the mortgagee, with the consent of the company, a suit upon the policy to recover for a loss must be brought in the name of the insured.

On error from the Supreme Court, where an action was brought by Conover against the Mutual Insurance Company of the city and county of Albany, upon a policy of insurance. On the trial, Conover had a verdict for the amount of the loss in question, on which the Supreme Court rendered judgment in his favor. For the facts, so far as material, see the report of the case in the Supreme Court, (3 *Denio* 254,) and the opinion of JOHNSON, J.

*R. W. Peckham*, for plaintiffs in error.

*M. T. Reynolds*, for defendant in error.

JOHNSON, J. Whether there was a variance between the declaration and proof is not material to enquire, as it was at most only such an one as the Circuit Judge might properly

disregard on the trial, and upon which no bill of exceptions will lie. (*Herk. Ins. Co.* vs. *Mann,* 4 *Hill* 187; *Mappa* vs. *Pearce,* 15 *Wend.* 669.)

The more material inquiry in this case is whether the consent to the assignment by the Secretary, Joice, to enable the plaintiff to procure a loan by a mortgage upon the insured property, was binding upon the company. For if that is not so, there is an end to this suit. The facts are briefly that the agent or attorney of Gridley, the party in interest, called at the company's office upon Joice, the Secretary, the person regularly in attendance there to transact their business, and stated to him that Gridley proposed to loan to the plaintiff, Conover, $500, and take a mortgage upon the insured property, provided he could obtain the consent of the company to the assignment of the policy as security. That to enable the parties to carry out their arrangement, the Secretary endorsed the consent upon the policy. Whereupon the $500 were advanced, and the mortgage and assignment executed. Joice testifies that he was in the habit frequently of giving consent to the assignment of policies for the same purpose, and always supposed he was authorized to do so by the by-laws or some resolution of the directors; though on looking into the by-laws and minutes, as it would seem for the first time on the trial, for some evidence of such authority, he was unable to find it, and thence concluded none such had been given. It further appeared on the trial that the policy of the President of the company had also been assigned to secure the payment of a mortgage upon his property given after the insurance, and that the consent was endorsed upon it in the same manner as the one in question. Also upon producing the book of policies where memorandums are entered of such as have been assigned, the consent in every instance was found to have been endorsed by the Secretary, Joice. Most of this evidence was objected to as improper. But I think it was properly admitted, for the purpose of showing not only who was entrusted with the company's business, but the manner

in which transactions of this character had been uniformly conducted.

Some evidence was introduced on the part of the defendant below to show that these acts of their Secretary were never brought to the knowledge of the Board of Directors, or received their formal ratification. And it is insisted that inasmuch as the Board never, by any formal act, gave their sanction, and the by-laws required the consent in writing of the Directors to any conditional alienation by mortgage subsequent to the insurance, the consent in this case was unauthorized and void. I cannot subscribe to this doctrine. The Directors were bound to know the uniform course pursued by their sole agent in the transaction of their business at their office, especially where regular entries of his acts were made in their books, and they must be held responsible on the ground of a tacit assent and approval unless they can show that by a strict vigilance and scrutiny into his acts they were unable to ascertain the course he was pursuing, and could not therefore arrest it or put the public upon their guard. It is enough, it seems to me, that here the party in interest went to the sole place where the business of the company was transacted, and procured what was intended on all hands to be, and I think in effect was, an assent to the execution of the mortgage, as well as the assignment of the policy from one of the principal officers having the sole charge of the business, and that too in the same form as it had been frequently done there. (*Bank of Vergennes* vs *Warren,* 7 *Hill* 91.)

Incorporated companies whose business is necessarily conducted altogether by agents, should be required at their peril, to see to it that the officers and agents whom they employ, not only know what their powers and duties are, but that they do not habitually and as a part of their system of business transcend those powers. How else are third persons to deal with them with any degree of safety? They can have no access to the by-laws and resolutions of the board, and no means of judging in the particular instance whether the officer is or is not within the prescribed limits.

All that Gridley can be supposed to have known in the case before us would be derived from the face of the policy. There he would only learn that the interest of the insured therein, was not assignable without the consent of the company manifested in writing in pursuance of the by-laws and endorsed upon the policy. He accordingly repairs to the office where he had a right to suppose he could have the consent manifested and endorsed in the proper form. It is done according to the system and in the form adopted and uniformly pursued there by an officer having charge of the business and who supposed this peculiarly within his province. In the faith that all is right, he advances his money and receives his mortgage and assignment. No objection is made to this or numerous similar transactions, and even after the fire, payment is refused upon an entirely different ground. Clearly, as it seems to me, the company are not now at liberty to dispute or deny the authority of their Secretary to endorse the consent in question. The objection that the execution of the mortgage avoided the policy, was not distinctly made on the trial. But had it been made there as distinctly as it is here it could have been of no avail, as it sufficiently appears that the only object the company could have in giving the consent was to enable Conover to borrow money by a mortgage upon the insured property.

Nor are we called upon to decide whether the absolute alienation by Conover after the assignment of the policy is a good defence, as the point was not raised on the trial. But if we were, I do not see how the interest of Gridley, the assignee, could be affected by it. (*Traders Ins. Co.* vs. *Roberts,* 9 *Wend.* 404.) The judgment, I think, should be affirmed.

GRAY, J. One ground of the motion for a nonsuit made on the trial was, that there was no proof that the Secretary of the Company had authority to consent to the assignment of the policy of insurance. On this point I cannot entertain a doubt that the evidence was pertinent and sufficient to carry the cause to the jury; and the jury having found in favor of

the existence of the authority, their verdict is conclusive as to this branch of the case.

It was insisted, on the part of the plaintiffs in error, that the mortgage given by the defendant in error to Gridley, was an alienation of the property insured within the meaning of the seventh section of the act according to which this Company was incorporated, (*Stat.* 1836, *p.* 44, § 7,) and therefore that it avoided the policy.  The language is, "whenever any property insured with this corporation shall be *alienated by sale or otherwise*, the policy shall thereupon be void," &c. The Legislature without doubt used the word in the ordinary sense which belongs to it, and it seems to me quite clear that it does not embrace a mortgage which creates but a lien or security, and does not transfer the title.

Nor did the policy become void by reason of the 13th by-law of the Company, requiring, when a mortgage is given by the insured, that he shall make a written representation thereof to the Company.  It may fairly be presumed from the evidence in the case, and the jury have so found, that this requirement was complied with, or that it was dispensed with by the authority of the Company.

If the giving of the mortgage by the insured had been an *alienation* of the property within the seventh section of the, act, the action would have to be brought in the name of the assignee of the policy; but as the case was not within that section, the suit was properly brought in the name of Conover. (*Jessel* vs. *Williamsburgh Ins. Co.* 3 *Hill* 88 ; *Mann* vs. *Herkimer Ins. Co.* 4 *Hill* 187.)

I see no error in the judgment, and am of opinion that the same should be affirmed.

Judgment affirmed.