SALVATORE V. CATALDO, Appellant, v. JOHN DI SERIO et al., Respondents.— In an action for judgment declaring appellant to be the equitable owner of certain real property, and for other relief, judgment dismissing the complaint at the close of plaintiff's case, unanimously affirmed, with costs. No opinion. Present — Lewis, P. J., Carswell, Johnston, Adel and Sneed, JJ.

GRACE E. CONNOLLY, Appellant-Respondent, v. ROSALIE JONES et al., as Sole Surviving Executrices and Trustees under the Will of MARY E. JONES, Deceased, et al., Respondents; T. EVERETT C. TUTHILL et al., Individually and as Members of the Board of Supervisors of the County of Suffolk, et al., Appellants, et al., Defendants.— Action by a taxpayer to set aside the cancellation by the Board of Supervisors of the County of Suffolk of certain taxes and tax sales against certain described real property, and for other relief. (1) On appeal by plaintiff from an order dated June 30, 1947, resettling an order dated May 15, 1947, which order granted the motion of defendants Jones to dismiss the complaint as against them, the order is reversed on the law and the motion denied. The second cause of action is sufficient as against these defendants. It is alleged therein that they have title to part of the property involved in that cause of action and, if the action of the Board of Supervisors and the County Treasurer in canceling the taxes and tax sales affecting such property be set aside, that property would be subject to the lien of the unpaid taxes. (2) On appeal by plaintiff from an order dated May 15, 1947, granting a motion by defendant Town of Huntington to dismiss the complaint as against it, the order is reversed on the law and the motion denied. It is alleged that the town has title to all the property involved in the first cause of action and to part of the property involved in the second cause of action. Nullification of the cancellation of taxes and tax sales affecting such property would subject these properties to the lien of the unpaid taxes. Section 51 of the General Municipal Law, contemplating action against officers of a municipality rather than the municipality itself, does not require that the officers of the town be made parties rather than the town itself, since the alleged illegality under attack was not committed by the town or its officers. Plaintiff is to have one bill of $10 costs and disbursements upon the reversal of orders (1) and (2), and $10 motion costs upon the denial of each of said motions. (3) On appeal by the members of the Board of Supervisors and the County Treasurer of the County of Suffolk from an order dated May 15, 1947, denying their motion to dismiss the complaint as against them, the order is affirmed, with $10 costs and disbursements. No opinion. Carswell, Acting P. J., Johnston, Adel, Sneed and Wenzel, JJ., concur. [See *post,* p. 1016.]

PATSY V. CROCE, Appellant, v. VILLAGE OF BRONXVILLE, Respondent.— In an action to recover damages for personal injuries allegedly suffered when plaintiff slipped as he crossed a mound of snow created by defendant clearing the street with snowplows, the complaint was dismissed at the close of the case. Judgment unanimously affirmed, with costs. No opinion. Present — Lewis, P. J., Carswell, Johnston, Adel and Sneed, JJ. [See *post,* p. 1016.]