In an action to recover damages for breach of a contract,, order denying motion of defendant for summary judgment affirmed, with $10 costs and disbursements. The written contract was made on behalf of defendant’s predecessor, a corporation, by its sales manager, and it must be assumed on this motion that it was also executed with knowledge and approval of the corporation’s president. As one which was capable of being approved by the board of directors, it was prima facie validly executed on behalf of the corporation. {Hastings v. Brooklyn Life Ins. Co., 138 N. Y. 473, 479; Westchester Mtge. Co. v. Mclntire, Inc., 174 App. Div. 446, 447.) Proof is material with respect to the custom of the corporation and authority of the sales manager and president {Hardin v. Morgan Lithograph Co., 247 N. Y. 332, 338, 339; Twyeffort v. Unexcelled Mfg. Co., 263 N. Y. 6, 9, 10; Lehigh Structural Steel Co. V. Great Lakes Gonstr. Co., 72 F. 2d 229, 231), as is also proof of the apparent authority of the officers, the knowledge of the corporation and defendant of the contract and the benefits reaped by them during the course of performance by plaintiff. {Lord v. United States Transp. Co., 143 App. Div. 437, 450-452.) Nolan, P. J., Carswell, Sneed, Wenzel and MaeCrate, JJ., concur. [See post, p. 1048.]