CONSTANCE HURLEY, Appellant, *v.* EDWARD R. TOLFREE et al., Respondents.

Argued February 23, 1955; decided April 14, 1955.

*Arthur G. Silverman* and *Milton Pinkus* for appellant. I. While the mortgage could still redeem, the private sale of this tax title for less than full payment of all tax arrears with interest and penalties violated the controlling statutes and the county supervisors' duty as trustees. (*Wekando, Inc.,* v. *City of Yonkers,* 195 Misc. 102; *Hossom* v. *City of Long Beach,* 83 Cal. App. 2d 745; *Matter of Ueck,* 286 N. Y. 1; *People ex rel.*

Oakley v. Bleckwenn, 126 N. Y. 310; City of Beacon v. Bernstein Realty Corp., 185 Misc. 262; Connolly v. Jones, 273 App. Div. 904, 299 N. Y. 639; Hurley v. Tolfree, 276 App. Div. 778.) II. The intent of the controlling statutes is to prohibit negotiated sales of county tax titles at a discount particularly when a right of redemption is unexpired. (Lawrence Constr. Corp. v. State of New York, 293 N. Y. 634; McCarthy v. Emma, 304 N. Y. 153; Matter of Mendoza Fur Dyeing Works v. Taylor, 272 N. Y. 275.) III. Apart from the mortgagee's unexpired redemption, this sale constituted a breach of trust. (Mount Sinai Hosp. v. Hyman, 92 App. Div. 270; Carpenter v. Wise, 92 Misc. 246, 173 App. Div. 998; Matter of Ross v. Wilson, 205 Misc. 295.) IV. Tolfree's quitclaim to the county did not reduce the tax arrears or abrogate the board's duty as trustee to collect them in full. (Matter of City of New York [Houghton Ave.], 266 N. Y. 26; McLanahan v. City of Syracuse, 18 Hun 259; Matter of Crystal v. Foster, 148 Misc. 327.) V. This reconveyance was unlawful on the further ground that the mortgagee was the real party in interest thereunder in view of his principal participation in the negotiations with the county, his own beneficial interest in their outcome and his outstanding right of redemption. (Connolly v. Jones, 273 App. Div. 904, 299 N. Y. 639.)

Morris Rochman, Charles H. Stoll and Aaron L. Rochman for Edward R. Tolfree, respondent. I. The trial court's refusal to find that the mortgagee joined Tolfree and its positive finding that the mortgagee was not the real party in interest in the transaction with the board of supervisors are findings of fact which, in view of the unanimous affirmance in the Appellate Division, are not reviewable on appeal to the Court of Appeals. It is well established that a case should be disposed of on appeal upon the same theory of action upon which it was tried and decided. (Archer v. City of Mount Vernon, 171 N. Y. 639; Lindlots Realty Corp. v. County of Suffolk, 251 App. Div. 340, 278 N. Y. 45; Randall v. Bailey, 288 N. Y. 280; Central Hanover Bank & Trust Co. v. Eisner, 276 N. Y. 121.) II. The county board of supervisors had the power and authority to proceed, as it did, under section 46 of the Suffolk County Tax Act, reaffirmed by section 154 of the Tax Law. Section 96-b of the

Tax Law is implicitly and expressly not required to be invoked in Suffolk County or under the facts of this case. (*Robbins* v. *Abrew,* 275 N. Y. 233; *Matter of Gould Realty Co.* v. *Reutershan,* 284 N. Y. 540; *Lowe* v. *Sheldon,* 276 N. Y. 1; *Post* v. *Cowan,* 236 App. Div. 26; *Barzler* v. *Fischer,* 272 App. Div. 665; *Matter of Kessler* v. *Johnston,* 253 App. Div. 411; *Matter of Connolly* v. *Burns,* 272 App. Div. 769; *Gillespie* v. *Board of Supervisors of Broome Co.,* 178 Misc. 890.)

*Lloyd P. Dodge, County Attorney* (*Pierson R. Hildreth* of counsel), for Milton L. Burns, County Treasurer of the County of Suffolk, and others, respondents. The complaint was properly dismissed because the facts show no cause of action against the county officials. (*Lowe* v. *Sheldon,* 276 N. Y. 1; *Olds* v. *City of Jamestown,* 280 N. Y. 281; *Tolfree* v. *Connolly,* 188 Misc. 689, 271 App. Div. 1033; *Talcott* v. *City of Buffalo,* 125 N. Y. 280; *Ziegler* v. *Chapin,* 126 N. Y. 342.)

BURKE, J. Plaintiff brought a taxpayer's action under section 51 of the General Municipal Law in behalf of herself and all other taxpayers of Suffolk County to vacate and cancel an alleged redemption of certain lands of the defendant Tolfree from sales by the county for nonpayment of real estate taxes, on the ground that the defendant was unlawfully permitted to redeem the lands for a fraction of the required statutory amount.

The defendant Tolfree owned lands in Suffolk County subject to a $400,000 mortgage. Suffolk County acquired a lien on these lands for unpaid 1939–1940 taxes. In November of 1940, the county bought in the tax lien at a tax sale and received a tax sale certificate. Notice to redeem was given to Tolfree. The trial court found that the County of Suffolk had not served a notice to redeem upon the holder of the mortgage. On December 15, 1943, the county obtained from the County Treasurer a tax deed for these lands. It is conceded that the defendant Tolfree's time to redeem had expired. However, it appears from the record that the mortgagee's time to redeem has not expired. In January, 1944, negotiations were instituted by Tolfree and later joined in by the mortgagee, Matkovic, with the Board of Supervisors of Suffolk County for the purchase of the lands formerly owned by Tolfree. After two proposals were rejected, the Board of Supervisors accepted a third proposal on June 19, 1944,

whereby Tolfree agreed (1) to make payment of $25,000 in cash, of which $19,459.13 would be paid within ten months if realized from sales, the balance represented by a credit due Tolfree in the sum of $5,540.87, and (2) to execute a quitclaim deed from himself, free of the lien of the mortgage, of a beach area and certain strips of land valued at $28,000 by the Board of Supervisors, which were to be used for park and highway purposes by the county. At the time of the conveyance in 1944, Tolfree still disputed the legality of some of the tax assessments for which the property had been sold.

The trial court dismissed the complaint on the merits holding that the defendant's time to redeem had expired, and that therefore the conveyance to him was valid. The trial court refused to find, as requested by plaintiff, that defendant Tolfree and mortgagee Matkovic had made offers of purchase to the Board of Supervisors and that the Board of Supervisors had considered the offers, as evidenced by excerpts from the minutes of the proceedings of the Board of Supervisors. The Appellate Division affirmed, finding as a fact, nevertheless, that the offers had been made by the defendant Tolfree and the mortgagee, and that these offers had been considered by the Board of Supervisors, as evidenced by the excerpts from the minutes of the Board of Supervisors.

The appellant contends that the mortgagee was the real party in interest and that the sale to the defendant was a mere subterfuge to allow the mortgagee to redeem below the required statutory amount. In any event, the appellant argues that the Board of Supervisors acted illegally in selling the lands when the mortgagee's right to redeem had not expired, and that, whether it was a sale or redemption, the conveyance should be vacated, set aside and cancelled as improvident, fraudulent and illegal as the Board of Supervisors accepted less than the full amount of taxes, interest and penalties, and that the defendant, Tolfree, if the land be adjudged to be redeemable, be given a reasonable time to be fixed by the court within which to redeem the lands by paying the difference between the amount heretofore paid and the full amount of taxes required to be paid by the statute for the redemption of the lands or, in the alternative, if it be adjudged that the transaction was in fact an agreement for the resale of lands from the county to the defendant, the fair value

of the lands be fixed and determined and that the defendant Tolfree and the members of the Board of Supervisors and the County Treasurer be required to reimburse the county for the difference between the amount actually received for the lands and the true value thereof.

Since the plaintiff did not allege in the complaint that the mortgagee was the real party in interest, nor make the mortgagee a party defendant nor clearly raise at the trial the issue that the mortgagee was the real party in interest rather than the defendant Tolfree, we cannot, on this appeal, consider the plaintiff's contention that the mortgagee was the real party in interest. However, the theory of the plaintiff that the Board of Supervisors acted illegally in selling the lands while the mortgagee's right to redeem was outstanding, is supported by a proper construction of the appropriate statutes. The interpretation urged by the defendant supervisors and defendant Tolfree that section 46 of the Suffolk County Tax Act (L. 1920, ch. 311, as amd. by L. 1937, ch. 175, § 2) clothes the supervisors with the discretion to fix the sales price of land subject to redemption, is without foundation in that such an interpretation would permit an owner as well as the mortgagee to redeem for less than the statutory amount.

This court in *Connolly* v. *Jones* (299 N. Y. 639, affg. 273 App. Div. 904) indicated that the tax law does not authorize disposition of lands taken for taxes by the Board of Supervisors of Suffolk County until the county's title is perfected by the expiration of the redemption periods. (Tax Law, § 154.) In the cases cited below (*Barzler* v. *Fischer*, 272 App. Div. 665, and *Matter of Kessler* v. *Johnston*, 253 App. Div. 411), the redeemer paid the full redemption amount. These cases, therefore, are not applicable to the issue in the present case. In this case, the mortgagee held a $400,000 mortgage on the lands. It would be reasonable for the Board of Supervisors to assume that if a notice to redeem had been served on the mortgagee, he would not have allowed this asset to be taken over by the county for failure to pay the redemption amount. Even if it be true, as defendants assert, that part of the back taxes were void, the mortgagee would be more likely to redeem because he could then protect a valuable asset for the reduced amount of the taxes, penalties and interest. Yet the Board of Supervisors failed to serve a notice to redeem.

Therefore, there was an outstanding right of redemption in the mortgagee which prevented the county from acquiring title in the lands in fee.

Since the mortgagee had the right of redemption upon payment of the total arrearage, the conveyance herein was in violation of law, and constituted an illegal act on the part of the Board of Supervisors. The defendant supervisors' defense that the conveyance was legal under chapter 468 of the Laws of 1933 is not available to them in this case, inasmuch as the defendant supervisors contend that the conveyance herein constituted a sale of the lands by the Suffolk County Board of Supervisors to the defendant Tolfree and not a redemption of the lands.

Chapter 468 of the Laws of 1933 is restricted to redemptions of property sold at tax sale permitting the Board of Supervisors to remit in whole or in part any penalties or interest. Under different circumstances, such as a redemption by the mortgagee, the Board of Supervisors might be able to demonstrate by adequate proof that the consideration received here authorized them to permit a redemption under the authority of chapter 468 of the Laws of 1933. Such is not the case here, and the acts of the Board of Supervisors were consequently illegal. Even though under section 51 of the General Municipal Law, a taxpayer may bring an action to restrain or set aside an illegal or official act that causes waste or injury (*Western N. Y. Water Co.* v. *City of Buffalo,* 242 N. Y. 202), nevertheless the burden of proof is upon the taxpayer to adduce proof of waste and injury to public interest. Chief Judge HISCOCK said in *Western N. Y. Water Co.* v. *City of Buffalo* (*supra,* pp. 206–207):

" We shall assume, without deciding, that it is illegal for the city of Buffalo to deliver water to the Gas Corporation within the city with the knowledge and intention that it will and shall be then conducted by said Gas Corporation to its premises outside the city for use thereon. But the fact that the municipality is thus engaged in effect in selling and delivering water to a corporation outside of the city and that this act may be illegal is not in our opinion enough to enable plaintiff to maintain this action. Under the provisions of the Municipal Law the action may be maintained for the purpose of preventing any illegal act or for preventing waste or injury to any property, funds or estate of the municipality. As we have pointed out, there are

no findings which support it upon the latter ground and the plaintiff must rely upon the first ground of illegality.

" Mere illegality is not enough. The very nature and purpose of a taxpayer's action like the present one presume that there will be more than illegality in order to enable him to intervene. The basic theory of such an action is that the illegal action is in some way injurious to municipal and public interests and that if permitted to continue it will in some manner result in increased burdens upon and dangers and disadvantages to the municipality and to the interests represented by it and so to those who are taxpayers."

The only evidence in the record before this court as to the amount of tax arrears and penalties and interest are statements set forth in the proceedings of the Board of Supervisors by various supervisors to the effect that the tax sale liens totaled " about $54,000 " and that the total with interest and penalties amounted to " between $54,000 and $80,000 ". Clearly no inference is permissible as to the exact amount of tax arrears from these vague statements contained in the board's minutes of proceedings. The trial court refused to find that the amount of the tax arrears, interest and penalties would be either greater than $25,000, or greater than $80,000 or approximately $110,000. The trial court further expressly refused to find that the payment by the former owner, the defendant Tolfree herein, was substantially less than the amount that would have been required for redemption if the mortgagee could redeem, and the plaintiff herein took no exception to the trial court's refusal to so find. The Appellate Division affirmed these refusals of the trial court to so find.

It is clear that Suffolk County received $25,000 in cash and credits, obtained lands of undetermined value for its future needs and avoided litigation, as well as effecting restoration of the land to the tax rolls.

There should be no dispute as to what the assessed taxes and arrearages were, for they are a matter of public record. As far as we can determine, no effort was made to introduce in evidence the assessment books required to be kept by law. (Suffolk County Tax Law, § 41, as added by L. 1929, ch. 152.) These books would have established the amount of the assessed taxes, interest and penalties.

Equally without support by proof are the statements of the Board of Supervisors that part of the assessed taxes were unlawful and thus uncollectible. There is no evidence offered to confirm these statements other than the repetition of the statements themselves which are of no probative value. The alleged valuation of $28,000 for the beach front property and strips of land for the highways and the parks is likewise unsubstantiated except by a casual reference to an appraisal which does not appear in the record.

Without regard, therefore, for the statements offered in defense of the actions of the defendant supervisors herein, we agree, upon the state of this record, with the determination of the trial court and the Appellate Division, that the plaintiff failed to demonstrate upon the trial herein by competent evidence that the actions of the Board of Supervisors, although illegal, constituted waste and were injurious to the public interests of the taxpayers of Suffolk County.

Accordingly the judgment entered upon the order of the Appellate Division should be affirmed, with costs.

CONWAY, Ch. J., DESMOND, DYE, FULD, FROESSEL and VAN VOORHIS, JJ., concur.

Judgment affirmed.