Howabd T. Hogau, J.
Plaintiff in an action for a judgment declaring a certain resolution of the Town Board of the Town of Huntington to be ultra vires, illegal and void, and enjoining the defendants, permanently and pendente lite, from submitting a certain proposition to the voters of the Town of Huntington on Election Day, November 5, 1957, now moves, simultaneously with the institution of the action, for an injunction restraining the defendants from taking any action whatsoever in furtherance of the aforesaid resolution, pending trial.
It appears that some time ago a group known as “ The Huntington Tax Planning Committee ” presented to the defendant Town Board a petition containing the signatures of approximately 5,000 residents of the township, requesting it to prepare tax maps covering the entire town, to retain an impartial professional firm of experts to re-evaluate all the taxable property within the town, and to hold a referendum “ to determine the wishes of the majority of our taxpayers ”.
In compliance with this request the board adopted a resolution providing for the preparation of a tax map and for a referendum on the question of expending $195,000 for such map. This resolution and the proposition which are to appear on the voting machines on Election Day, November 5, 1957, are not under attack in this litigation.
The board also resolved to place the following proposition before the voters on that day:

“ Proposition No. 2

“ Shall the Town Board of the Town of Huntington, New York, undertake to employ experts to appraise the value of all real property within said Town to assist in the assessment thereof for taxation at an estimated cost when a tax map is available of $185,000 which amount shall be raised by the issuance of obligations of the Town of Huntington, New York, pur *747 suant to the provisions of the Local Finance Law of the State of New York?”
Plaintiff, maintains that the Town Board alone is vested with the power to retain such appraisers, and that the aforesaid resolution, purporting to surrender or delegate this power to the voters, is unauthorized, is a waste of town funds and imposes an illegal burden on the taxpayers of the town. Her action seeks a determination of the question “ May a Town Board hold a purely advisory referendum at the expense of the tax payers ? ’ ’ In order to obtain injunctive relief pending the trial of this issue the plaintiff must assume the burden of establishing not only that the act sought to be enjoined is unlawful, but also that damage will result if it is not restrained. In Western New York Water Co. v. City of Buffalo (242 N. Y. 202) the court enunciated this rule as follows (pp. 206-207). “ Mere illegality is not enough. The very nature and purpose of a taxpayer’s action like the present one presume that there will be more than illegality in order to enable him to intervene. The basic theory of such an action is that the illegal action is in some way injurious to municipal and public interests and that if permitted to continue it will in some manner result in increased burdens upon and dangers and disadvantages to the municipality and to the interests represented by it and so to those who are taxpayers. It was not the intention of the statute that a taxpayer shall be allowed to intervene and bring to the decision of the courts every act of a municipal officer which may be claimed to be illegal although concededly it is entirely innocuous.” (See, also, Hurley v. Tolfree, 308 N. Y. 358, 364; 10 Carmody-Wait on New York Practice, p. 539.)
There appears to be considerable doubt as to plaintiff’s likelihood of success in this action, even though it is assumed, arguendo, that a Town Board is without authority to conduct an “ advisory ” referendum. In McGovern Trucking Co. v. Moses (92 N. Y. S. 2d 550, affd. 277 App. Div. 758), plaintiff, suing on behalf of itself and on behalf of all other persons similarly situated, sought a declaratory judgment that the act of defendants in increasing tolls and rates on bridges was void. In granting a motion to dismiss the complaint the court said (p. 552): “ It is the established law that, where the injury complained of is in fact a public injury, and the right violated is a public right, an individual cannot maintain an action for an injunction, or for any other relief, unless he suffers a special injury different from that suffered by the public at large.” (Citation of authorities follows.)
*748 In New York League for Separation of Church and State v. Graves (170 Misc. 196) the court said (p. 198): “For more than a century it has been the settled law of this State that where no direct individual injury peculiar to plaintiff is shown, no action against a public officer can be maintained by a citizen on the ground that his interests as a member of the State have been impaired or disturbed, since no one can assume the role of champion of the community.”
Paragraph “ 7 ” of the complaint alleges merely: “ That the plaintiff is without adequate and complete remedy at law in the premises and plaintiff and all other taxpayers of the Town of Huntington, as well as said Town, will suffer irreparable injury unless the relief herein prayed for be granted.”
Not only has plaintiff failed to allege “ a special injury different from that suffered by the public at large ” (McGovern Trucking Co. v. Moses, supra, p. 552), she has offered nothing whatsoever to substantiate her claim that anyone will suffer irreparable injury if a temporary injunction is denied her. Plaintiff’s own affidavit in support of this application contains the bare and completely unsubstantiated allegation that: “Unless the defendants be restrained pendente lite, your deponent and all of the taxpayers of the Town, and the Town, will suffer irreparable injury, and the remedy against the doing of such illegal acts and the illegal waste of public funds in connection therewith, will be frustrated.”
Under the well-settled rule of law that “ Mere allegations in a complaint of great and irreparable injury to the plaintiff, not supported by facts or circumstances, are insufficient to warrant relief by injunction ” (Malcuria v. General Crushed Stone Co., 75 N. Y. S. 2d 126, 127) and that: “An injunction pendente lite may be granted only upon a showing that plaintiffs will suffer irreparable injury unless such an injunction is granted” (McGillicuddy v. Monaghan, 280 App. Div. 144, 145), plaintiff has failed to establish her right to injunctive relief.
Moreover, it appears to be an undisputed fact that, since the legal notice that this proposition would appear on the ballot already had been published before the argument of this application, and since it will appear on the voting machines along with other propositions at a regular election held on November 5, 1957, and since the cost of inserting the proposition on the voting machines will involve an expenditure of no more than $3, the taxpayers of the town will suffer no actual hardship. On the other hand, were a temporary injunction to issue, and it were to be subsequently determined upon a trial that the *749 Town Board did have the power to conduct an advisory referendum, the cost of holding a special election for that sole purpose, involving publication of the legal notice, distribution of voting machines throughout the township and the employment of numerous election workers, would be a burden and a hardship upon them.
For all these reasons plaintiff’s application for a temporary injunction is denied.