Mario Pittori, J.
In this taxpayer’s action, the defendants move to dismiss the complaint pursuant to paragraph 7 of subdivision (a) of rule 3211 of the Civil Practice Law and Rules, and the plaintiff moves for summary judgment, pursuant to rule 3212 of the Civil Practice Law and Rules.
Briefly stated, the complaint alleges: that an agreement entered by the Nassau County Executive and the defendant Andrew Fabrizio on or about August 1,1963, wherein the county authorizes Fabrizio to operate and manage an outdoor golf driving range at Nassau County Park in Salisbury, County of Nassau, from July 26, 1963 to July 26, 1964, is illegal, imperils the public interests, and will produce public mischief and waste. It further alleges that an ordinance “ number 1 76 ’ of 1944 ”, insofar as it may have assigned to the County Executive the power to enter said agreement, is illegal.
The plaintiff contends, as stated in his attorney’s affidavit, that the agreement “ is a lease or, in any event, is an alienation of the real property of Nassau County ”, and is illegal because it “ could only be authorized by an Ordinance of the Board of Supervisors of the County of Nassau.”
Examination of the agreement satisfies me that the plaintiff’s contention is without merit. Not only does the agreement itself state that it is a “ license ” or a “ concession ” and “ that no building space or equipment is leased” to Fabrizio, but the nature of the use by Fabrizio under the agreement is such that, regardless of terminology, it could not be regarded as a lease or *860 an alienation of real property. Fabrizio, inter alia, by the agreement: is granted “ an exclusive right to operate the Outdoor Golf Driving Range”; “agrees to maintain adequate control over county equipment and machines located at said Outdoor Golf Driving Range for their protection and preservation”; has the “ right to use all fixed equipment ”; must permit “ free access ” at all times to the county representatives for inspection purposes; “ agrees to pay the county as compensation for the privilege of operating said Outdoor Golf Driving Range” a definite percentage of the gross receipts; has the “ unrestricted use of the subject premises pertinent to said Outdoor Golf Driving Range ” and “ has the right to occupy the spaces assigned to him and to operate the said Outdoor Golf Driving Range and to continue in the possession thereof only so long as each and every provision and condition herein contained is strictly and properly complied with ”; and may operate the concession from July 26, 1963 to July 26, 1964 unless the county terminates “ this agreement with or without cause upon ten (10) days written notice ”.
Here Fabrizio was not granted any interest in the realty, but merely the exclusive right to operate a concession. As stated in Senrow Concessions v. Shelton Props. (10 N Y 2d 320, 325): “ a grant of an exclusive right to operate various concessions within the proposed establishment * * * is not a lease. * * # ]<[0t being a lessee, appellant was a licensee or concessionaire without interest in the realty.” In the Senrow ease the licensee was given (p. 323) the exclusive right to operate concessionaire privileges in the night club, as follows:1 ‘ checkroom, toilet facilities, sale of cigars, cigarettes, flowers, novelties, photography of customers, soliciting of car parking and doorman services.”
Further authorities showing this agreement not to be a lease are Feder v. Caliguira (8 N Y 2d 400, 404, 405) and Layton v. Namm & Sons (275 App. Div. 246, 250, 251, affd. 302 N. Y. 720). In the Feder case Judge Fuld said (pp. 403-404): “ the word * lease ’ * * * the usual and ordinary lease arrangement whereby one party gives up his control and possession of property to another in return for the latter’s undertaking to pay rent for its use. # * * It is the transfer of absolute control and possession of property at an agreed rental which differentiates a lease from other arrangements dealing with property rights.”
In the Layton case Judge Vast Voorhis emphasized the exclusive possession and control in the tenant as the standard in determining an agreement to be a lease. Nowhere in the present agreement is Fabrizio given such possession or control as to make him a lessee.
*861 Furthermore, this instrument, clearly, is not any alienation of any land because it is not “ [t]he transfer of the property and possessions of lands, tenements, or other things, from one person to another ” (Black’s Law Dictionary); it did not transfer title (Conover v. Mutual Ins. Co. of Albany, 1 N. Y. 290, 294); and the county did not lose control of this property because Fabrizio could be ousted without cause on short notice (Blank v. Browne, 217 App. Div. 624, 628 [2d Dept.]).
'Since a license, and not a lease or interest in real property, is granted by the agreement, it must be held that subdivision 1 of section 105 of the Nassau County Government Law (L. 1936, ch. 879), which requires the Board of Supervisors to approve by ordinance the alienation of real property, is not applicable; that the Board of Supervisors could by “ ordinance devolve upon the county executive the exercise or performance of any of its powers and duties, except those which it must exercise or perform by ordinance, as provided in this act or any other law of this state, and except other powers and duties of a distinctly legislative character ” (Nassau County Government Law, § 204); that by ordinance “ number 76, of 1944 ”, the Board of Supervisors did authorize the County Executive “ to execute on behalf of the County of Nassau, any and all contracts * * * necessary to carry into effect recommendations made by the Department of Public Works for the * * * concessions of the park, provided, however that the terms of such * * * concessions shall in no event exceed one year”; and that the agreement entered by the County Executive and Fabrizio was and is legal.
The plaintiff’s contention that Ordinance No. 76 merely conferred the power to sign the agreement, but not power to make the agreement is also without merit. If it be assumed that the language of the ordinance is not free from ambiguity, the practical construction of the ordinance by the County Executives in office from the time the ordinance was adopted in 1944 until the election of the incumbent, without any objection thereto by the Board of Supervisors, indicates that the board intended to vest such power in the County Executive. But there is no ambiguity. To interpret the ordinance as the plaintiff contends would render meaningless that paragraph of the ordinance wherein the Board of Supervisors reserved to itself the right to approve all contracts “ the term of which shall exceed a period of one year.” Moreover, had the ordinance not expressly provided for the County Executive to make such contracts, and since the ordinance did not as a term thereof require the approval of all contracts by the Board of Supervisors, the general right to make ‘1 All contracts except for the purchase of supplies, materials and *862 equipment shall be made and executed by the county executive ’ conferred by section 2206 of the Nassau County Government Law, would authorize this contract.
Aside from submitting an affidavit of his attorney which questions the legality of the contract, the plaintiff has submitted no evidence to show that the contract “ imperils the public interests, or will produce public mischief and waste. ’ ’ As stated in Hurley v. Tolfree (308 N. Y. 358, 364), a taxpayer must “ adduce proof of waste and injury to public interest ” or, as stated in Kaskel v. Impellitteri (306 N. Y. 73, 79), “ a total lack of power in defendants, under the law, to do the acts complained of (Kittinger v. Buffalo Traction Co., 160 N. Y. 377; Altschul v. Ludwig, 216 N. Y. 459).” In the Altschul case (supra, p. 467) it is written: “ The mere illegality of the official act in and of itself does not justify injunctive relief at the request of the taxpayer. To be entitled to this relief, when waste or injury is not involved, it must appear that in addition to being an illegal official act the threatened act is such as to imperil the public interests or calculated to work public injury or produce some public mischief.”
Accordingly, the defendants’ motion pursuant to rule 3211 of the Civil Practice Law and Bules and the plaintiff’s cross motion pursuant to rule 3212 of the Civil Practice Law and Buies are granted in favor of the defendants dismissing the complaint.