BAC Home Loans Servicing, LP v Alvarado (2019 NY Slip Op 00584)





BAC Home Loans Servicing, LP v Alvarado


2019 NY Slip Op 00584


Decided on January 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2016-04708
 (Index No. 1059/10)

[*1]BAC Home Loans Servicing, LP, etc., respondent,
v
Gregorio Alvarado, et al., appellants, et al., defendants.


Lizarraga Law Firm, PLLC, Jackson Heights, NY (William R. Lizárraga of counsel), for appellants.
Leopold & Associates, PLLC, Armonk, NY (Fernando C. Rivera-Maissonet of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Gregorio Alvarado and Jose DeLeon appeal from an order of the Supreme Court, Queens County (Duane A. Hart, J.), entered August 24, 2015. The order, insofar as appealed from, granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against those defendants and an order of reference, and, in effect, denied that branch of those defendants' cross motion which was to dismiss the complaint insofar as asserted against them for lack of standing.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendants Gregorio Alvarado and Jose DeLeon and an order of reference, and substituting therefor a provision denying the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and so much of a subsequent order of the same court (Salvatore J. Modica, J.) entered June 8, 2017, as, in effect, upon reargument, adhered to the determination in the order entered August 24, 2015, granting the plaintiff's motion, is vacated.
The plaintiff commenced this action to foreclose a mortgage given by the defendant Gregorio Alvarado to secure a note in the amount of $490,000. The complaint alleged, among other things, that the plaintiff was the owner and holder of the note, that Alvarado defaulted on the note and mortgage, and that the defendant Jose DeLeon was the current deed holder of the subject property. Alvarado and DeLeon (hereinafter together the defendants), appearing pro se, answered the complaint with a general denial as to the allegations in the complaint. The defendants did not make a pre-answer motion to dismiss the complaint on the ground of lack of standing and did not raise the issue of standing as an affirmative defense. The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. The defendants opposed the plaintiff's motion and cross-moved, inter alia, to dismiss the complaint insofar as asserted against them for lack of standing. In opposition to the defendants' cross motion and in further support of its motion for summary judgment, the plaintiff introduced evidence as to its standing. The plaintiff, however, never contended in the Supreme Court that the [*2]defendants had waived the issue of standing. In the order appealed from, the court granted the plaintiff's motion and, in effect, denied the defendants' cross motion. On appeal, the defendants contend that the court should have denied the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against them and an order of reference, and granted that branch of their cross motion which was to dismiss the complaint for lack of standing. The plaintiff contends, among other things, that the defendants waived the issue of standing by not raising it in a pre-answer motion to dismiss or as an affirmative defense and that, in any event, it established proper standing.
The defense of lack of standing in an action to foreclose a mortgage is waived if the defendant does not raise it in a pre-answer motion to dismiss or as an affirmative defense (see CPLR 3018[b]; US Bank Nat. Assn. v Nelson, ___ AD3d ___, 2019 NY Slip Op 00494 [2d Dept 2019]; Bank of N.Y. Trust Co., N.A. v Chiejina, 142 AD3d 570, 572; One W. Bank, FSB v Vanderhorst, 131 AD3d 1028, 1028; see also Matter of Fossella v Dinkins, 66 NY2d 162, 167). Here, in opposition to the plaintiff's motion for summary judgment and in support of their cross motion to dismiss, the defendants argued that the plaintiff lacked standing to commence this action. The plaintiff, in its "reply . . . in further support of plaintiff's motion for summary judgment, and in opposition to defendant's [sic] cross-motion to dismiss," entirely disregarded the defendants' waiver of the standing defense. Instead, the plaintiff sought to establish that it had standing to commence the action. Now, having litigated the standing defense on the merits in the Supreme Court—both on the original motion and in opposition to reargument—the plaintiff argues on appeal that the issue of standing was waived. Having neglected to raise that dispositive issue in the Supreme Court, the plaintiff may not raise it for the first time on this appeal (see Hurley v Tolfree, 308 NY 358, 363; Robles v Brooklyn Queens Nursing Home, Inc., 131 AD3d 1032, 1033; see generally Arthur Karger, Powers of the New York Court of Appeals § 17.1 at 591-592, et seq. [3d ed rev 2005]), and we decline to address it (cf. Sega v State of New York, 60 NY2d 183, 190 n 2; HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 824).
The plaintiff also failed, on the merits, to establish prima facie that it had standing to commence the action. The loan servicer's affidavit, which asserted that the named plaintiff "was in possession of the Note at the time of commencement of this action," provided no specifics as to the date of delivery or the date of commencement. The plaintiff's conclusory assertion as to possession on the date of commencement is insufficient to establish standing (see Central Mtge. Co. v Jahnsen, 150 AD3d 661, 663; Deutsche Bank Natl. Trust Co. v Idarecis, 133 AD3d 702, 703-704; cf. Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361; U.S. Bank, N.A. v Noble, 144 AD3d 786, 788; Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867). Moreover, the plaintiff's alternative ground for establishing standing is without merit (see U.S. Bank, N.A. v Noble, 144 AD3d at 788; Bank of N.Y. v Silverberg, 86 AD3d 274, 282). Accordingly, the Supreme Court should have denied the plaintiff's motion, inter alia, for summary judgment on the complaint and an order of reference.
The parties' remaining contentions either are without merit or need not be addressed in light of our determination.
MASTRO, J.P., BALKIN, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court